UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                                                  Case No: 8:21-cr-0316-KKM-CPT

MARTIN CAIN FELDER, JR.,

    Defendant.
_____

## ORDER

    Martin Felder moves to dismiss the indictment with prejudice. (Doc. 24.) He argues that the government's delay in bringing his case to trial requires dismissal under the Speedy Trial Act, the Sixth Amendment, and Federal Rule of Criminal Procedure 48. The Court concedes that the government's delay violated the Speedy Trial Act but concludes that dismissal without prejudice is the appropriate remedy.

I.    BACKGROUND

    Drug Enforcement Administration (DEA) agents arrested Martin Felder on February 17, 2021, after Felder allegedly sold methamphetamine to an individual who was cooperating with the DEA. (Doc. 1.) After Felder twice waived his right to a speedy indictment, (Doc. 14; Doc. 15), the grand jury returned an indictment on September 22, 2021, (Doc. 16). The indictment charged Felder with knowing possession of at least 500

grams of a Schedule II controlled substance with the intent to distribute in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(A). (Doc. 16 at 1.) Felder entered a plea of not guilty and waived his right to be present for an arraignment on October 8, 2021. (Doc. 20.)

Nothing further occurred between October 15, 2021, and February 1, 2022, when this Court issued a pretrial discovery order. (Doc. 23.) Six days later—and 138 days after the indictment—Felder moved to dismiss the indictment with prejudice, arguing the delay violated his right to a speedy trial. (Doc. 24.) The government responded in opposition to dismissal with prejudice. (Doc. 29.)

At the time of his arrest, Felder was serving a four-year term of supervised release for a prior drug conviction. (Doc. 29 at 2.) His arrest triggered a revocation proceeding. At that proceeding, Felder admitted to the conduct underlying the indictment and was sentenced to thirty-three months of imprisonment. (*Id.* at 3.) He will not complete that new term of imprisonment until 2024. (*Id.* at 8–9.)

## II.   ANALYSIS

Felder moves to dismiss the indictment with prejudice due to the government's delay in bringing his case to trial. Felder argues that the delay requires dismissal under the Speedy Trial Act, the Sixth Amendment's Speedy Trial Clause, and Federal Rule of Criminal Procedure 48.

2

## A. Speedy Trial Act

The government must bring a defendant who pleads not guilty to trial within seventy days from the filing of the indictment or from the date the defendant appeared before a judicial officer, whichever is later. *See* 18 U.S.C. § 3161(c)(1). If the government does not do so within the seventy-day period, the "indictment shall be dismissed on motion of the defendant." 18 U.S.C. § 3162(a)(2).

Felder and the government agree that the seventy-day clock has run and dismissal is mandatory. (Doc. 24 at 3–4; Doc. 29 at 1.) They part ways on the remedy. Felder urges that dismissal should be with prejudice; the government argues the contrary.

Whether to dismiss with prejudice or without prejudice is left to the court's discretion. *See United States v. Ochoa*, 941 F.3d 1074, 1100 (11th Cir. 2019). The Act evinces "no preference for one type of dismissal over the other." *United States v. Brown*, 183 F.3d 1306, 1310 (11th Cir. 1999) (citing *United States v. Taylor*, 487 U.S. 326, 335 (1988)). But the Act lists three factors to guide the court's discretion.

The first factor is "the seriousness of the offense." § 3162(a)(2). The offense here is serious. The indictment charges Felder with knowing and intentional possession of at least 500 grams of a substance containing methamphetamine, with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(A). (Doc. 16 at 1.) Congress specified that the minimum sentence for this crime is ten years. *See* § 841(b)(1)(A). A "statutory

3

minimum sentence of ten years of imprisonment reflects the seriousness of [the offense].” *United States v. Knight*, 562 F.3d 1314, 1323 (11th Cir. 2009). And since Felder has a criminal history that might qualify him for career offender status, (Doc. 29 at 5), his advisory guideline sentence might very well be above the statutory minimum, *see United States v. Jones*, 241 F. App'x 676, 679 (11th Cir. 2007) (per curiam) (acknowledging that criminal history informs the seriousness of the offense).

Felder disagrees, arguing that a single drug offense that did not involve weapons, identifiable victims, or violence "falls on the lower end of the seriousness scale." (Doc. 24 at 7.) Adding violence would make any crime more serious, but, as Felder acknowledges, "he has been accused of an offense that is serious in nature." (*Id.*); *see United States v. Maloy*, 835 F. Supp. 1373, 1377 (M.D. Fla. 1993) (Merryday, J.) (concluding that "possession of fifty (50) grams or more of crack cocaine with intent to distribute [was an] undoubtedly serious offense[]"). Considered in the light of Congress's assessment that the offense requires at least ten years of imprisonment (with no upward limit), and the myriad harms to individuals and society from trade in illegal drugs, the Court concludes that the offense is serious and that this factor weighs in favor of a dismissal without prejudice.

The second statutory factor is "the facts and circumstances of the case which led to the dismissal." § 3162(a)(2). Under this factor courts consider the "culpability of the delay-

4

producing conduct." *United States v. Williams*, 314 F.3d 552, 559 (11th Cir. 2002) (per curiam) (quotation omitted).

By all appearances, "the delay was not intentional, but mere negligence or inadvertence" on the government's part. *Id.* at 559. Felder's failure to assert his right to a speedy trial suggests that the oversight was mutual. Indeed, it was not until after the Court caught the scheduling error and set the case for a status conference and trial in February 2022 that Felder filed the motion to dismiss. Since the "unfortunate circumstances of this case point more to negligence and oversight than intentional delay," the Court concludes that this factor is neutral. *United States v. Miranda*, 835 F.2d 830, 834 (11th Cir. 1988); *see Jones*, 241 F. App'x at 680 (noting the Eleventh Circuit's preference for dismissal without prejudice for delays from "administrative confusion").

The final factor is "the impact of a reprosecution on the administration of [the Speedy Trial Act] and on the administration of justice." § 3162(a)(2). This factor requires that a court weigh the public's interest in bringing offenders to justice against "the Act's mandate of swift prosecution." *United States v. Russo*, 741 F.2d 1264, 1267 (11th Cir. 1984). In doing so, courts consider other relevant factors, including the length of the delay, *see United States v. Godoy*, 821 F.2d 1498, 1506 (11th Cir. 1987), and whether the delay prejudiced the defendant, *see Knight*, 562 F.3d at 1323; *Williams*, 314 F.3d at 560. Altogether, this factor weighs in favor of dismissal without prejudice.

5

The delay between indictment and Felder's motion was 138 days, or sixty-eight days past the seventy-day Speedy Trial Act deadline.[1] While substantial, courts have found equal periods did not require dismissal with prejudice. *See Williams*, 314 F.3d at 560 (holding that a sixty-eight-day delay "was not so substantial" as to require dismissal with prejudice). Given the seriousness of the offense and the corresponding public interest in prosecution, the delay is not so long as to require a with-prejudice dismissal. *See Russo*, 741 F.2d at 1267 ("Where the crime charged is serious, the court should dismiss [with prejudice] only for a correspondingly severe delay.").

And Felder identifies no "prejudice resulting from the delay that has impacted his defense or ability to prepare for trial." *Ochoa*, 941 F.3d at 1101. Indeed, since Felder is serving a thirty-three month prison term after revocation of his supervised release that he will not complete until 2024, the delay did not deprive him of liberty. Although "the absence of prejudice is not dispositive, in this case it is another consideration in favor of permitting reprosecution." *Taylor*, 487 U.S. at 341.

All told, dismissal without prejudice is appropriate. Although the delay was significant, it was inadvertent and did not result in identifiable prejudice. The seriousness

---

[1] The government argues that the clock began with Felder's waiver of appearance for arraignment on October 8, 2021, rather than the indictment on September 22, 2021. (Doc. 29 at 4.) Starting from the waiver would bring the delay down to fifty-two days. The Court need not decide if the government is correct since counting from the indictment does not change the outcome. *But see United States v. Crooker*, No. 07-cr-30038, 2011 WL 147687, at *3–4 (D. Mass. Jan. 18, 2011) (reasoning that a waiver counts as an appearance for Speedy Trial Act purposes).

of the offense—and the public interest in prosecution of such crimes—strongly weighs in favor of dismissal without prejudice. While it is not all Felder would wish, it is not "a toothless sanction: it forces the Government to obtain a new indictment if it decides to reprosecute." *Id.* at 342.

### B. Sixth Amendment's Speedy Trial Clause

The Sixth Amendment guarantees that "the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. Courts analyze speedy trial claims using a four-factor test. "The factors are: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of the speedy trial right; and (4) prejudice to the defendant." *United States v. Clark*, 83 F.3d 1350, 1352 (11th Cir. 1996) (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)).

This analysis applies only if the delay from indictment to trial was "presumptively prejudicial." *Doggett v. United States*, 505 U.S. 647, 651–52 (1992). A delay ordinarily must approach or exceed one year to trigger the inquiry. *See Clark*, 83 F.3d at 1352; *accord Doggett*, 505 U.S. at 652 n.1; *see also United States v. Grant*, 538 F. Supp. 3d 1234, 1238 (M.D. Ala. 2021) (Marks, J.) ("Delays of less than one year between indictment and trial do not violate the Speedy Trial Clause. . . .").

The delay between the indictment and Felder's motion was 138 days, or approximately four-and-a-half months. Such a delay "is insufficient to merit a Sixth

7

Amendment speedy trial violation inquiry." *United States v. Derose*, 74 F.3d 1177, 1185 (11th Cir. 1996) (reasoning that an eight-month delay did not trigger the Sixth Amendment inquiry); *United States v. Struyf*, 701 F.2d 875, 878–79 (11th Cir. 1983) (seven-month delay was not presumptively prejudicial). Since the delay does not "cross[] the threshold dividing ordinary from 'presumptively prejudicial' delay," *Doggett*, 505 U.S. at 651–52 (quoting *Barker*, 407 U.S. at 530), the Court denies Felder's Sixth Amendment claim without reaching the other factors.

### C. Federal Rule of Criminal Procedure 48

A court may dismiss an indictment if the government "unnecessarily delay[s]" in "bringing a defendant to trial." Fed. R. Crim. P. 48(b). This Rule "vests much discretion in the trial court, and dismissal is mandatory only if the defendant's constitutional rights have been violated." *United States v. Butler*, 792 F.2d 1528, 1533 (11th Cir. 1986). Since Felder's Sixth Amendment claim lacks merit and the Court is dismissing (albeit without prejudice) under the Speedy Trial Act, the Court declines to dismiss under Rule 48.

### III.  CONCLUSION

The government's delay in bringing Felder to trial—though inadvertence—requires dismissal under the Speedy Trial Act. Given the seriousness of the offense, the lack of prejudice to Felder, and the public interest in reprosecution, the Court dismisses the

indictment without prejudice. Felder's Sixth Amendment and Rule 48 claims fail because the delay was not long enough to violate the Speedy Trial Clause.

Accordingly, the following is **ORDERED:**

1. Felder's Motion to Dismiss the Indictment is **GRANTED-IN-PART**. (Doc. 24.) The Court **DISMISSES** the Indictment without prejudice. (Doc. 16.)

2. The Clerk is directed to **TERMINATE** any pending motions and deadlines and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on February 24, 2022.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge